IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**ROSCOE W. JOHNSON,**

    Plaintiff,

v.                                                                             Civil Action No. **3:20CV616**

**UNKNOWN,**

    Defendant.

**MEMORANDUM OPINION**

Plaintiff, a Virginia inmate proceeding *pro se*, has submitted a letter to the Court complaining about his state criminal prosecution. (ECF No. 1.) By Memorandum Order entered on August 14, 2020, the Court explained to Plaintiff as follows:

> The Court will not conduct a general inquiry into his state court prosecution. Rather, Plaintiff must identify a violation of federal or constitutional law. It is not clear from Plaintiff's submissions whether he wishes to pursue a civil rights action challenging the conditions of his confinement under 42 U.S.C. § 1983 or a petition for a writ of habeas corpus under 28 U.S.C. § 2254. *See Rivenbark v. Virginia*, 305 F. App'x 144, 145 (4th Cir. 2008).
>     In order to state a viable claim under 42 U.S.C. § 1983,[1] a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983).
>     "[T]he settled rules [provide] that habeas corpus relief is appropriate only when a prisoner attacks the fact or duration of confinement, *see Preiser v.*

---

[1] That statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

> *Rodriguez*, 411 U.S. 475 (1973); whereas, challenges to the conditions of confinement that would not result in a definite reduction in the length of confinement are properly brought" by some other procedural vehicle, including a 42 U.S.C. § 1983 complaint. *Olajide v. B.I.C.E.*, 402 F. Supp. 2d 688, 695 (E.D. Va. 2005) (emphasis omitted) (internal parallel citations omitted) (citing *Strader v. Troy*, 571 F.2d 1263, 1269 (4th Cir. 1978)). Thus, any challenge to the duration of his sentence must be brought pursuant to a habeas corpus petition under 28 U.S.C. § 2254. [A] plaintiff[, however,] may not seek monetary damages under § 2254, nor are monetary damages appropriate under 42 U.S.C. § 1983 where the plaintiff is attacking the duration of his sentence. *See Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) ("[A] state prisoner's § 1983 action is barred . . . no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its *duration*." (emphasis added)).
>
> **Accordingly, the Clerk is DIRECTED to send both a 42 U.S.C. § 1983 form and a 28 U.S.C. § 2254 form to Plaintiff. The Clerk SHALL write the case number for this civil action number on both forms.**
>
> If Plaintiff wishes to proceed pursuant to 28 U.S.C. § 2254, he must file a petition for a writ of habeas corpus on the proper forms. Because federal law prohibits the filing of any second or successive § 2254 petition, *see* 28 U.S.C. § 2244(a), Plaintiff is strongly urged to present every available claim for relief in his first such motion. Plaintiff is warned that federal law imposes a one-year statute of limitations on § 2254 petitions. 28 U.S.C. § 2244(d). Plaintiff is also reminded that, before this Court can consider a § 2254 petition, he must first exhaust his state court remedies for all of his claims. *See* 28 U.S.C. § 2254(b), (c). Exhaustion is accomplished by presenting the claims to the Supreme Court of Virginia for review either on direct appeal or in a collateral proceeding.
>
> Plaintiff must complete the forms for **either** a 28 U.S.C. § 2254 petition **or** a 42 U.S.C. § 1983 action and return the same to the Court within fifteen (15) days of the date of entry hereof. Failure to complete an appropriate form and return the same to the Court within fifteen (15) days of the date of entry hereof will result in the dismissal of the action. *See* Fed. R. Civ. P. 41(b).

(ECF No. 2.) On August 26, 2020, the Court received Plaintiff's response. (ECF No. 3.) Plaintiff admits that he has not exhausted his state court remedies with respect to his challenges to his conviction and sentence. (*Id.* at 1.) Further, he did not submit a § 1983 complaint form. Because Plaintiff did not complete and return a form to the Court, the action will be DISMISSED WITHOUT PREJUDICE. To the extent Plaintiff desires to bring a § 2254 petition, he may do so after he exhausts his remedies in state court.

2

An appropriate Order shall accompany this Memorandum Opinion.

Date: <u>14 September 2020</u>
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge